IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 3:17-cr-00032 |
| v. | ) | |
| | ) | Judge Richardson |
| JAMES FREI | ) | |

**GOVERNMENT'S TRIAL BRIEF**

The United States of America, by and through Donald Q. Cochran, United States Attorney, and Kathryn D. Risinger and Chris Suedekum, Assistant United States Attorneys, hereby files this trial brief in the above-captioned case, currently scheduled for trial on Tuesday, February 12, 2019, at 9 a.m. In support thereof, the Government respectfully states the following:

**I.    Brief Statement of Anticipated Evidence:**

In July 2016, Metro Nashville Police Department ("MNPD") Detective Adkins received a cyber-tip from Facebook that an adult male, later identified as the defendant JAMES FREI ("the defendant"), may be engaging in sexually explicit conversations on Facebook with a minor female who lived in Nashville, Tennessee ("the Minor"). Based on the content of the Facebook conversations, Detective Adkins suspected that the defendant might have traveled multiple times to Nashville to engage in illicit sexual activity with the Minor. The Facebook conversations occurred between May 2016 and June 2016, during which time the Minor was either 15 or 16 years old.

Detective Adkins subsequently interviewed the Minor and confirmed both that the defendant, whom she later identified by photographic lineup, had communicated with her through Facebook and that the defendant had traveled to Nashville on multiple occasions to visit and engage in sexual activity with her. Through its investigation, law enforcement confirmed the defendant traveled to Nashville, Tennessee, on, among other dates, May 8, 2016, and May 17,

2016, and June 3-5, 2016, and engaged in illicit sexual activity with the Minor during each of those trips. The defendant often used his phone to take illicit photographs of the Minor and/or film portions of his sexual encounters with her.

On August 3, 2016, Detective Adkins and agents from the North Carolina Bureau of Investigation executed a search warrant at the defendant's North Carolina residence and seized the defendant's cellular telephone. Law enforcement also conducted an interview of the defendant, during which he admitted to traveling multiple times to Nashville to have sex with the Minor, to knowing she was a minor, and to either photographing or filming some of the sex acts. Law enforcement performed a forensic examination of the defendant's cellular telephone, which revealed multiple images and videos of the Minor engaged in illicit sexual conduct. The defendant's face can be seen in at least one video and one photograph.

**II.     Procedural Background:**

On March 8, 2017, a federal grand jury returned a nine-count indictment against the defendant. The Indictment charges the defendant with four counts of Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a), (d) (Counts One through Four); one count of Online Enticement of a Minor, in violation of 18 U.S.C. § 2422(b) (Count Five); two counts of Traveling to Engage in Illicit Sexual Conduct with a Minor, in violation of 18 U.S.C. § 2423(b) (Counts Six and Seven); and one count of Transporting Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1), (b) (Count 9). (D.E. 1.) Prior to trial, the Government dismissed Count Eight of the Indictment. (D.E. 53, 54.)

**III.    Elements of the Crimes Charged:**

   A.  Production of Child Pornography:

The essential elements of a violation of 18 U.S.C. §§ 2251(a), (d) are:

2

(A) First, that the defendant employed, used, persuaded, induced, enticed, or coerced a minor, to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct on or around the date alleged in each of Count(s)  X ; and

(B) Second, that the visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including computer.

*See* Sixth Circuit Pattern Jury Instructions – Criminal, Instr. 16.01.

B. <u>Online Enticement of a Minor:</u>

The essential elements of a violation of 18 U.S.C. § 2422(b) are:

(A) First, that the defendant knowingly persuaded, induced, enticed, coerced an individual under the age of 18 to engage in unlawful sexual activity;

(B) Second, that the defendant used a means or facility of interstate commerce to do so; and

(C) Third, that the defendant knew the individual was under the age of 18.

*See* Sixth Circuit Pattern Jury Instructions – Criminal, Instr. 16.09.

C. <u>Traveling to Engage in Illicit Sexual Conduct with a Minor:</u>

The essential elements of a violation of 18 U.S.C. § 2423(b) are:

(A) First, that the defendant traveled in interstate commerce on or around the date alleged in each of Count(s)  X ; and

(B) Second, that the defendant did so with intent to engage in illicit sexual conduct.

*See* Sixth Circuit Pattern Jury Instructions – Criminal, Instr. 16.11.

D. <u>Transportation of Child Pornography:</u>

The essential elements of a violation of 18 U.S.C. § 2252A(a)(1), (b) are:

(A) First, that the defendant knowingly transported in interstate commerce an item or items of child pornography; and

(B) Second, when the defendant transported the items, the defendant believed the items were child pornography.

*See* Eleventh Circuit Pattern Jury Instruction O83.3A (2016). There is no Sixth Circuit Pattern Jury Instruction for a violation of 18 U.S.C. § 2252A(a)(1).

**IV.     Potential Trial and/or Evidentiary Issues:**

   A.  <u>Publication of Child Pornographic Images/Videos to the Jury:</u>

As set forth above, the evidence in this case includes images and videos of a minor child engaged in sexually explicit conduct. Aware of the incriminating nature of the depictions in this prosecution, it is foreseeable that the defendant may claim that publishing such images to the jury would be unfairly prejudicial pursuant to Federal Rule of Evidence 403, and alternatively offer to stipulate that the images and videos at issue contain child pornography in order to prevent the publication of those images and videos to the jury. However, a "defendant has no right to selectively stipulate to particular elements of the offense," and courts across the country have repeatedly upheld the Government's publication of images and videos containing child pornography to the jury. *United States v. Luck*, 852 F.3d 615, 624 (6th Cir. 2017) (quotations omitted). It is only reasonable that since the United States must carry the burden of proof at trial, it be afforded reasonable leeway in determining the most effective ways to present evidence. *See Old Chief v. United States*, 519 U.S. 172, 183 (1997). A defendant's offer "to concede a point generally cannot prevail over the Government's choice to offer evidence showing guilt and all the circumstances surrounding the offense." *Id*.

Evidence in the form of child pornography is highly graphic and incriminating by its very nature. This stems from the fact that it is, in and of itself, contraband, and that there is simply no *good* reason for possessing it. It does not follow, however, from the fact that certain evidence is harmful to a defendant's case that it is *unfairly* prejudicial. *Luck*, 852 F.3d at 624-26 (emphasis added). The Sixth Circuit recently held that "[s]howing the actual images paints a portrait far more

4

vivid than a sanitized stipulation, thereby establishing for the jury 'its human significance,' and in the process 'implicating the law's moral underpinnings and a juror's obligation to sit in judgment.'" *Id*. at 626. The pornographic images and videos are central to the Government's narrative of the events comprising the charged offenses. Removing such vital evidence from the Government's narrative, especially in a case such as this one—where the defendant is charged with traveling interstate on numerous occasions to engage in sex with a minor, and also filming and photographing such exploits—"risks leaving the jurors puzzled, or worse, ready to 'penalize the party who disappoints them.'" *Id*. (quoting *Old Chief*, 519 U.S. at 188-89).

In this case, the Government bears the burden of proving, among other things, that the defendant knowingly produced images of the Minor engaged in sexually explicit conduct; that he enticed the Minor to engage in such conduct; and that he traveled interstate with the intent to engage in such conduct with the Minor. The images and videos recovered in this case are relevant to issues such as knowledge, intent, identity, and opportunity, and serve as the best evidence to prove that the conduct at issue in this case meets the statutory definition of "sexually explicit conduct." Additionally, the forensic data associated with the recovered images and videos is relevant to proving the elements of the crimes with which the defendant is charged, and the actual image or video associated with the data provides essential context to the data. For example, the forensic data often provides the date and time on which an image or video was taken and the information regarding the camera used to take the image or video. When an image or video is recovered from a cellular telephone, as is the case here, the forensic data will identify if the image or video was shot with the cellular telephone's camera.

"The presentation of evidence in a criminal trial is not 'repeat exploitation' of the victims in this case, but rather our criminal just system's method of vindicating them." *United States v.*

5

*Johnson*, 456 F. Supp. 2d 1014, 1016 (N.D. Iowa 2006). Such evidence should not be excluded merely because of its nature or to "protect" the jury or the victims, which is the basis often articulated by defendants when attempting to exclude or sanitize the presentation of such evidence. The jury will be entrusted with the weighty obligation of finding the facts relating to the sexual exploitation of children. They face a difficult task and should be afforded the opportunity to view the core evidence. *See*, *e.g.*, *United States v. Gartmon*, 146 F.3d 1015, 1021 (D.C. Cir. 1998) ("Rule 403 does not provide a shield for defendants who engage in outrageous acts… It does not generally require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone.").

At trial, the Government will reject any offer to stipulate that the images and videos recovered from the defendant's phone contain child pornography, as an alternative to publishing the images to the jury. Nevertheless, the Government does not intend to publish to the fact finder every child pornographic depiction sought out and/or possessed by the defendant to establish the commission of these offenses. Instead, the Government intends to publish to the fact finder, and is entitled to do so, a select and limited sample of the images and videos recovered from the defendant's cellular telephone, including a few seconds of select videos.

B. <u>The Minor's Consent to Engage is Sexually Explicit Conduct is not a Defense:</u>

During the trial, the Government intends to elicit testimony from the Minor regarding her voluntary participation in sexual acts with the defendant between May and June 2016. Such testimony goes to the heart of the Government's case and is necessary to proving the crimes with which he is charged. It does not follow, however, that the defendant should be allowed to argue or imply to the jury that the Minor's voluntary participation in the illicit sexual activity somehow negates the defendant's guilt. Indeed, the law is clear that a minor cannot legally consent to being

6

sexually exploited. *See*, *e.g.*, *United States v. Sibley*, 681 F. App'x 457, 461 (6th Cir. 2017) (stating that a minor's alleged consent is irrelevant in prosecution under Section 2251 for sexually exploiting a minor); *United States v. Raplinger*, 555 F.3d 687, 691-92 (8th Cir. 2009); *United States v. Dhingra*, 371 F.3d 557, 567 (9th Cir. 2004) (the victim's willingness to engage in sexual activity is irrelevant, in much the same way that a minor's consent to sexual activity does not mitigate the offense of statutory rape or child molestation). The Government will object to the defense arguing or implying to the jury that the Minor's consent somehow negates the defendant's guilt.

    C. <u>Statements Made by the Defendant:</u>

        1. Defendant's Statements:

The United States anticipates eliciting testimony at trial from witnesses, including law enforcement officers, describing various statements by the defendant. More specifically, the United States will seek to introduce statements made by the defendant when the defendant enticed, persuaded, and induced the Minor to engage in sexually explicit conduct with him during the months of May and June 2016. Furthermore, the Government will seek to introduce portions, but not the entirety, of the defendant's statement to law enforcement personnel. The Government previously provided the specific portions of the defendant's statement that it intends to introduce in its case-in-chief to defense counsel.

Pursuant to Rule 801(d)(2)(A) of the Federal Rules of Evidence, statements by a defendant that the United States seeks to introduce are not hearsay because they are a statement of a party-opponent. FED. R. EVID. 801(d)(2)(A). Additionally, some of the defendant's statements are also admissible as statements against penal interest, pursuant to Rule 804(b)(3) of the Federal Rules of Evidence. *United States v. Udeozor*, 515 F.3d 260, 267 (4th Cir. 2008) ("Viewed in context, many

7

statements, even those that do not amount to an admission of a crime or an element of a crime, constitute statements against penal interest for purposes of Rule 804(b)(3).") However, if a defendant seeks to introduce his own prior statement for the truth of the matter asserted, the statement is hearsay and not admissible.

The United States anticipates that after the Government's witnesses testify about only certain portions of the defendant's statements during his interview with law enforcement, the defendant may then seek to elicit testimony regarding other statements that he made during his interview. In particular, the defendant may seek to introduce those statements pursuant to the "rule" or "doctrine" of "completeness" rationale drawn from Rule 106 of the Federal Rules of Evidence. Introduction under this rule would be improper.

Federal Rule of Evidence 106 requires that, "When a *writing or recorded statement or part thereof* is introduced by a party, an adverse party may require the introduction at that time of any other part of any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." (Emphasis added.) However, as the Sixth Circuit has observed, "[c]ompleteness, a common-law doctrine, does not outweigh the hearsay rules, because '[h]earsay is not admissible except as provided *by these rules* or other rules prescribed by the Supreme Court pursuant to statutory authority.' FED. R. EVID. 802 (emphasis added)." *United States v. Shaver*, 89 F. App'x 529, 533 (6th Cir. 2004). For this reason, the Sixth Circuit has repeatedly held that a defendant may not introduce his own hearsay statements pursuant to Rule 106. *See, e.g., United States v. Henderson*, 626 F.3d 326, 344 (6th Cir. 2010); *United States v. Howard*, 216 F. App'x 463, 472 (6th Cir. 2007); *United States v. Gallagher*, 57 F. App'x 622, 629 (6th Cir. 2003).

8

The Government will object to the defendant seeking to elicit testimony regarding other portions of his statement not admitted by the Government, unless such statements are necessary to correct a misimpression left by the portions elicited by the Government.

D. Stipulation regarding the Defendant's Cellular Telephone:

Each criminal violation charged in this case has an interstate nexus component. In this particular case, the defendant utilized his cellular telephone to photograph and video his sexual exploits with the Minor. His cellular telephone, an LG L33L, was manufactured in China based upon the telephone's country-of-origin label, meaning that his cellular telephone had traveled in interstate commerce prior to the defendant committing the alleged crimes in Nashville, Tennessee, in May and June 2016. The Government intends to rely on the manufacturer's country-of-origin label as one way of proving the interstate commerce element for each of the charged offenses. At least three Circuit Courts of Appeals have adopted the position that a manufacturer's inscription on a product is not hearsay. *See United States v. Koch*, 625 F.3d 470, 480 (8th Cir. 2010); *United States v. Alvarez*, 972 F.2d 1000, 1004 (9th Cir. 1992), overruled on other grounds by *Kawashima v. Mukasey*, 530 F.3d 1111, 1116 (9th Cir. 2008) ("An inscription placed on a firearm by the manufacturer is … a mechanical trace and not a statement for purposes of [Rule 801(c) (definition of hearsay)]."); *United States v. Thody*, 978 F.2d 625, 630-31 (10th Cir. 1992) (manufacturer's imprint on a gun is not hearsay). Other courts have held that country-of-origin inscriptions are hearsay, but are admissible under Federal Rule of Evidence 807, the residual exception to the hearsay rules. *United States v. Burdulis*, 753 F.3d 255, 263 (1st Cir. 2014); *United States v. Pina*, 190 F. Supp. 3d. 748, 750-51 (S.D. Ohio 2016). In so holding, such courts have recognized that manufacturer inscriptions have the "equivalent circumstantial guarantees of trustworthiness," as required by Rule 807 and bear significant similarity to other forms of evidence admissible under

9

the enumerated hearsay exceptions. *Burdulis*, 753 F.3d at 263. As the First Circuit explained in *Burdulis*,

> Inscriptions indicating foreign origin are regulated, *see* 19 U.S.C. § 1304(a), and federal law prohibits false or misleading designations of origin, *see* 15 U.S.C. § 1125(a). Moreover, under the federal rules of evidence trade inscriptions are self-authenticating … meaning they require no extrinsic evidence of authenticity in order to be admitted.

*Id*.

Per Rule 807(b), the Government notified defense counsel on January 31, 2019, of its intent to introduce the manufacturer's country-of-origin inscription on the defendant's cellular telephone at trial. The parties intend to stipulate that the defendant's cellular telephone was manufactured using materials that were shipped, mailed, or transported in interstate or foreign commerce and that the cellular telephone is an instrumentality of interstate commerce.

E. <u>Admission of Certain Business Records via Fed. R. Evid. 902(11):</u>

The Government plans to introduce certain records, including Facebook messages, in evidence pursuant to a signed certificate of authenticity from a records' custodian. Prior to trial in this case, the Government provided defense counsel with reasonable written notice of its intent to offer such records pursuant to Rules 803(6) and 902(11). Defense counsel recently advised the Government that they have reviewed the certifications provided and have no objection to the authenticity of such records insofar as it relates to the timestamps on the Facebook chat messages, the fact that the messages occurred between particular Facebook accounts, and other similarly technical information. However, defense counsel has advised that they do not believe that the affidavit obtained from Facebook, standing alone, is sufficient to prove the Facebook chats in this case are what the Government contends they are: chats between the Minor and the defendant. *See* FED. R. EVID. 901(a) (2018). The Government intends to introduce evidence at trial, such as evidence from witnesses with personal knowledge, the defendant's admissions to law enforcement,

and the "distinctive characteristics" of the chats, among other things, to prove that the Facebook chats are authentic communications between the Minor and the defendant. *Id*. *See United States v. Mallory*, 902 F.3d 584, 595-96 (6th Cir. 2018). Rule of Evidence 901 establishes a relatively low bar for authenticating or identifying evidence. *See United States v. Farrad*, 895 F.3d 859, 878 (6th Cir. 2018). "Authentication does not require certain proof, but rather only enough proof 'so that a reasonable juror could find in favor of authenticity.'" *United States v. Thomas*, 701 F. App'x 414, 418 (6th Cir. 2017) (quoting *United States v. Jones*, 107 F.3d 1147, 1150 n.1 (6th Cir. 1997)). Accordingly, absent a relevancy argument by the defendant pursuant to Federal Rules of Evidence 401-403, such records should be admitted in this case.

## CONCLUSION

The Government's Trial Brief is designed to provide the Court with a preview of the Government's case-in-chief and provide a summary of some of the issues that the Government anticipates may arise. Should any other legal or evidentiary issues arise before or during trial, the Government respectfully requests leave to file additional briefing as may be necessary to assist the Court.

Respectfully submitted,

DONALD Q. COCHRAN
United States Attorney
Middle District of Tennessee

 /s/ *Kathryn Risinger*
KATHRYN D. RISINGER
CHRIS SUEDEKUM
Assistant United States Attorneys
110 Ninth Avenue South, Suite A961
Nashville, Tennessee 37203-3870
Telephone: (615) 736-5151

**CERTIFICATE OF SERVICE**

   I hereby certify that on February 8, 2019, a copy of the foregoing document was filed with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to counsel for the defendant.

                 /s/ *Kathryn Risinger*
                 KATHRYN D. RISINGER
                 Assistant United States Attorney